UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NARNIKE PIERRE AND RENADE GRANT,

    Plaintiffs,

-vs-

FAY SERVICING, LLC,

    Defendant.

_____/

## COMPLAINT

**COME NOW,** the Plaintiffs, NARNIKE PIERRE AND RENADE GRANT (collectively "Plaintiffs") by and through undersigned counsel, bring this action against the Defendant, FAY SERVICING, LLC. (hereinafter referred the "Defendant"), and in support thereof allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiffs reside in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, the Defendant was and is a limited liability company, duly licensed to transact business in the State of Florida.

9. At all times material hereto, Plaintiffs own and continues to own the subject property, which is located in Broward County, Florida with an address of ***** NW 69th Court, Parkland, Florida 33311.

10. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

11. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property, which is also the Plaintiff's primary residence.

12. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ******7526.

## **BACKGROUND AND GENERAL ALLEGATIONS**

13. On or about May 12, 2008, the Plaintiffs entered into a promissory note agreement with SunTrust Mortgage, Inc. (the "Note") for what they intended to be their primary residence.

14. The Note was secured by a mortgage on the subject property located at ***** NW 69th Court, Parkland, Florida 33311, (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "subject loan").

15. On or about May 20, 2016, a foreclosure action was filed against the Plaintiffs in Broward County, Florida, bearing Case No. CACE-16-009482 and styled as VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS, LLC., ITS TRUSTEE v. NARNIKE PIERRE AND RENADE GRANT (the "Foreclosure"). On or about September 27, 2017, the foreclosure Court entered an order granting Plaintiff's Motion to Substitute Party Plaintiff substituting the Plaintiff to Wilmington Savings Fund Society, FSB D/B/A Christiana Trust, not individually but as trustee for Ventures Trust 2013-I-H-R. At all times material hereto Defendant, FAY SERVICING, LLC. ("Defendant") was the perpetrator of the violations that are the subject of this lawsuit.

16. On or about August 30, 2017, the Plaintiff retained Loan Lawyers, LLC to help her save her home. On or about September 1, 2017 Loan Lawyers, LLC filed a Notice of Appearance to defend the foreclosure.

17. Amidst the Plaintiff's representation, they determined the best chances of saving their home would be through a loss mitigation program.

18. Plaintiffs' counsel submitted a loss mitigation package ("LMP") directly to the Defendant via fax on or about May 18, 2018.

19. The LMP included items such as the Plaintiffs' Request for Mortgage Assistance Form ("RMA"); the Plaintiffs' hardship letter; the Plaintiffs' Paystubs; signed tax returns; and the LMP also included multiple itemized bank statements.

20. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), the Defendant was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether the Defendant determined said application to be complete or incomplete. If the Defendant deemed the LMP incomplete, the Defendant was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

21. Thereafter, pursuant to 12 C.F.R. § 1024.41(c), the Defendant was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer the Plaintiffs.

22. A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

23. The Defendant was required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiffs by June 18, 2018 at latest, or thirty (30) days after the application was considered "complete."

24. However, the Defendant failed to provide that written notice, as required by 12 C.F.R. § 1024.41(c).

25. On June 20, 2018, 32 days after the Defendant received the Plaintiffs' complete loss mitigation application, without providing a decision to Plaintiffs as required by law, Loan

Lawyers on behalf of the Plaintiff, sent correspondence to the Defendant advising that they still have yet to provide a response to the LMP and giving them an opportunity to cure (the "cure notice") in advance of litigation.  A true and correct copy of the cure notice is attached as **Exhibit "A"**

26. The cure notice, which the Defendant received on June 25, 2018, informed them in pertinent part that Fay Servicing, LLC is in violation of RESPA for failing to provide a response to the Plaintiffs' LMP.

27. The Plaintiffs continue to await the determination from the Defendant as is required by law, whether or not they qualify for loss mitigation options, and if so which one(s), where the Defendant has been in receipt of their complete loss mitigation application for over 58 days.

28. To date, the Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that the Defendant did not provide written notice within five (5) business days of receipt of the LMP acknowledging whether the Defendant determined said application to be complete or incomplete.

29. To date, the Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that the Defendant did not provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer Plaintiffs.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

30. Plaintiffs repeat, re-alleges and incorporates by reference herein paragraphs 1 through 29.

31. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>     A servicer of a federally related mortgage shall not-
> -
>     …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

32. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

33. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

34. The Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that the Defendant, Fay Servicing, LLC, did not provide a written notice within five (5) business days of receipt of the LMP acknowledging whether Defendant determined said application to be complete or incomplete.

35. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

36. The Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that  did not provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, will offer Plaintiff.

37. As such, the Defendant, Fay Servicing, LLC, has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

38. Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

39. The Plaintiffs have been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them.  The threshold of the Defendant's violations stem from their repeated failures respond to the loss mitigation application submitted regarding the Plaintiffs' loan.  The Plaintiffs' injuries result in part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual.  Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing a response to the Plaintiffs' complete loss mitigation application.  See *MAHALA A. CHURCH, Plaintiff - Appellant, v. ACCRETIVE HEALTH, INC., Defendant - Appellee.*, No. 15-15708, 2016 WL 3611543, at *1–3 (11th Cir. July 6, 2016)(quoting *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016)).

40. The Plaintiffs are entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiffs' notice of error and opportunity to cure; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiffs' loss mitigation application, which includes the cure notice. See *Rodriguez v. Seterus, Inc.*, No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015) (the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); *Saint-Fleur v. JPMorgan Chase Bank, N.A.*, No. 15-cv-61110-WPD (S.D. Fla. 2015); *Almquist v. Nationstar Mortg., LLC*, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); *Burdick v. Bank of Am., N.A.*, No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); *McLean v. GMAC Mortg. Corp.*, 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); *Porciello v. Bank of America, N.A.*, 2015 WL 899942 (M.D. Fla. 2015)(same).

41. The Plaintiffs have also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to timely respond to the LMP, while simultaneously seeking to foreclose upon that loan. See *Bryan v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

42. Plaintiffs are entitled to statutory damages in an amount not greater than $2,000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of 's pattern or practice of noncompliance with Regulation X and RESPA.

43. The Defendant, Fay Servicing, LLC, has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

(1) With respect to CFPB Consumer Complaint ID 2445059, the Defendant violated RESPA and specifically violated 12 C.F.R. §1024.41 by failing to provide an adequate written response to a loss mitigation application.
(2) With respect to CFPB Consumer Complaint ID 2443597, the Defendant violated RESPA and specifically violated 12 C.F.R. §1024.41 by failing to provide an adequate written response to a loss mitigation application.
(3) With respect to CFPB Consumer Complaint ID 2442663, the Defendant violated RESPA and specifically violated 12 C.F.R. §1024.41 by failing to provide an adequate written response to a loss mitigation application.
(4) With respect to CFPB Consumer Complaint ID 2442315, the Defendant violated RESPA and specifically violated 12 C.F.R. §1024.41 by failing to provide an adequate written response to a loss mitigation application.

44. Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, NARNIKE PIERRE AND RENADE GRANT, respectfully requests this Court to enter an order granting judgment for the following:

(a) That the Defendant, Fay Servicing, LLC, be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, NARNIKE PIERRE AND RENADE GRANT, hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

/s/  Luis Ugaz
Florida Bar No. 786721
Laura Hoy, Esq.
Florida Bar No. 59025
Matisyahu H. Abarbanel, Esq.
Florida Bar No. 130435
E-mail: luis@fight13.com
Secondary E-Mail: laura@fight.13.com
Secondary E-mail: tony@fight13.com
Loan Lawyers, LLC
2150 S. Andrews Ave, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
Counsel for Plaintiff